YOUNG HI AND JANE WOO, Petitioners,

v.

PETER TALI COLEMAN, COMMISSIONER OF REVENUE,
AMERICAN SAMOA GOVERNMENT, Respondents.

High Court of American Samoa
Trial Division

CA No. 83-79

July 30, 1980

MURPHY, Associate Justice.

Petitioners, through their counsel, have moved this Court to permit Mr. J.P. King, a resident of American Samoa, to practice law before the High Court of American Samoa when that Court sits as a tax court. Because there was no proof of service in the Court's file, the Court served a copy of the motion on Respondent and requested a response. That response was filed shortly thereafter. For the reasons given below, we deny Petitioners' motion.

Admissions to the American Samoa Bar Association are governed by Rules of Admission and Practice of Attorneys before the High Court of American Samoa, promulgated by then Chief Justice McKnight on May 1, 1974, as they have been amended. However, we have previously held that we sit as a tax court in this case, and we have applied the Tax Court Rules of Practice throughout. That being so, and because Petitioners only seek to have Mr. King admitted to practice before the High Court when it sits as a tax court, Petitioners rightfully directed us to Rule 200 of those rules. Mr. King is not an attorney at law, so subsection (a)(3) entitled "Other Applicants" is applicable. We quote a portion here for ease of reference.

> (3) Other Applicants. An applicant, not an attorney at law, must file with the Admissions Clerk a completed application accompanied by a fee of $10. In addition, such an applicant, as a condition of being admitted to practice, must give evidence of his qualifications satisfactory to the Court by means of a written examination given by the Court, and the Court may require such person, in addition, to give similar evidence by means of an oral examination. ...

While there may be "very few, if any, attorneys who are as knowledgeable as Mr. King in this area of practice" (Petitioners' Motion for Practice, filed July 11, 1980, page 1), it seems to us that the proper approach for Mr. King to be admitted would be to provide the Clerk of the High Court with some form of documentation showing his admittance to practice before the U.S. Tax Court. Upon such application, and with the approval of the Chief Justice, any person, including Mr. King, would probably be admitted. The reason we chose to adopt this rule is that without some form of restriction on who may practice before this Court, lay persons not skilled in the rules of the Court, the tax laws, or the rules of evidence, could retain a client and through some inadvertent mistake or because of lack of knowledge, lose an otherwise valid claim for the client.

This is not to say, however, Mr. King cannot assist counsel for the Petitioners in the preparation of their case. Canon 3 of the American Bar Association's Code of Professional Responsibility, "A lawyer should assist in Preventing the Unauthorized Practice Law," does not require a lawyer to do all his work himself. In fact, ethical consideration (EC) 3-6 permits the lawyer to delegate certain tasks in an effort to render legal service more economically and efficiently. In part EC 3-6 reads:

> EC 3-6. A lawyer often delegates tasks to clerks, secretaries and other lay persons. Such delegation is proper if the lawyer maintains a direct relation-ship with his client, supervises the delegated work, and has complete professional responsibility for the work product...

ABA Opinion 316 (1967) further defined this relationship:

> A lawyer can employ lay secretaries, lay investigators, lay detectives, lay researchers, accountants, lay scriveners nonlawyer draftsmen or nonlawyer researchers. In fact, he may employ nonlawyers to do any task for

him except counsel clients about law matters, engage directly in the practice of law, appear in court or appear in formal proceedings a part of the judicial process, so long as it is he who takes the work and vouches for it to the client and becomes responsible to the client.

Petitioners having not provided sufficient evidence as to the qualifications of Mr. King, and Mr. King presently not being a member of the American Samoa Bar Association, Petitioners' motion is denied.